Tait v. Lewis, executor.

---

BACON TAIT *v.* JOHN L. LEWIS, Executor.

APPEAL from the Court of Probates of New Orleans, *Bermu-dez,* J.

*G. Strawbridge,* for the appellant.

*Roselius,* for the defendant.

SIMON, J. The present case was before us, last year, upon cer-tain exceptions which were overruled, and it was remanded with directions to the defendant to answer to the merits. *2 Robinson,* 351. The mandate of this court was filed in the court below, and, it having been subsequently shown, that the defendant had not complied with our directions by filing his answer, a judgment by default was moved for, and entered against him.

On the motion made by the plaintiff's counsel for the confirma-tion of the judgment by default previously taken, he attempted to establish his demand by certain written evidence which was deemed insufficient by the court *a qua,* whereupon a judgment of nonsuit was rendered against him, which we are called upon to reverse.

A motion has been made by the appellee for a dismissal of the appeal, on the ground, that the appellant has never applied to the court below for an appeal from the judgment rendered in this suit ; and that the appeal is prayed for, and granted in a different case from that brought up in the present record.

On referring to the petition of appeal, it is therein stated : " that there is error *in the judgment rendered in the matter of the oppo-sition* of Bacon Tait, *to the account* of James Lewis, Executor, whereby he is aggrieved and prays that an appeal be allowed, &c.

The present suit is one in the ordinary form, by *petition* and *cita-tion,* founded on a judgment formerly rendered in Virginia against

the administrator of De Eude's estate, wherein the plaintiff prays that the executors of the deceased may be condemned to pay the amount of the judgment above stated, by preference, out of the proceeds of certain partnership funds. We have looked in vain in the record, for an account rendered by the defendant Lewis, to which opposition may have been made by the plaintiff; and from the pleadings in the case, and the proceedings had on the trial, it does not appear to us that any account filed by Lewis as executor, was ever made the subject matter of this controversy. Indeed, it is clear that the present suit is, so far, unconnected with any account filed or to be filed by the defendant, and that the petition of appeal brought up with the record, does not relate to the matter decided upon by the court below. If so, this case is not before us; as it does not appear that any appeal was ever taken from the judgment submitted to our consideration; and from the circumstance of the plaintiff's counsel arguing his case upon the merits, notwithstanding the motion to dismiss, without applying to this court for the issuing of a writ of *certiorari,* we are induced to believe that no petition of appeal from the judgment brought up was ever presented to the lower court, upon which the action of the inferior judge was ever required and obtained. The motion to dismiss must be sustained.

*Appeal dismissed.*